IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID BRUTON, | No. C 12-5561 WHA (PR) |
| Plaintiff, | **ORDER OF DISMISSAL WITH LEAVE TO AMEND** |
| vs. | |
| NAPA STATE HOSPITAL, | |
| Defendant. | |

## INTRODUCTION

This is a civil rights case brought pro se by a state prisoner incarcerated at the Napa State Hospital ("NSH") under 42 U.S.C. § 1983. He sues NSH for monetary damages for allegedly violating his civil rights there. He has been granted leave to proceed in forma pauperis in a separate order. For the reasons discussed below, the case is **DISMISSED WITH LEAVE TO AMEND**.

## DISCUSSION

**A.   STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974. Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.   LEGAL CLAIMS**

Plaintiff alleges that he suffers from schizophrenic disorder and alcoholism, and that NSH is violating his civil rights and his rights under the Rehabilitation Act. NSH, as a state agency, is generally immune under the Eleventh Amendment from claims for money damages. *Brown v. Cal. Dep't of Corrs.*, 554 F.3d 747, 752 (9th Cir. 2009). Claims under the Rehabilitation Act, however, are not barred by the Eleventh Amendment. *See Douglas v. California Dept. of Youth Authority*, 271 F.3d 812, 819 (9th Cir.), *amended*, 271 F.3d 910 (9th Cir. 2001). Although plaintiff's Rehabilitation Act claims are not barred by the Eleventh Amendment, he has not stated any claims with sufficient particularity. He does not explain how NSH is violating his rights other than to make the general statement "a lot of ethics laws" are "being abused" (Compl. 3). Under Rule 8 and *Iqbal,* in order to adequately notify defendant of his claims, plaintiff must allege facts explaining what rights under the Rehabilitation Act are

being violated, as well as when, how and by whom they were violated. He will be given leave to amend to attempt to do so.

## CONCLUSION

For the foregoing reasons,

1. The complaint is **DISMISSED** with leave to amend, as indicated above, within **30** days from the date of this order. The amended complaint must include the caption and civil case number used in this order (No. C 12-5561 WHA (PR)) and the words AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference. <u>Failure to amend within the designated time and in accordance with this order will result in the dismissal of this case</u>.

2. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing with the clerk a separate paper headed "Notice of Change of Address." Papers intended to be filed in this case should be addressed to the clerk and not to the undersigned. Plaintiff also must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: December   20  , 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\CR.12\BRUTON5561.LTA.wpd

3